UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>   v.<br><br>FORTINO BASTIDAS,<br><br>                              Defendant. | Case No. 1:10-cr-00182-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is defendant Fortino Bastidas' letter request regarding the forfeiture order entered in this criminal matter. Dkt. 643. For the reasons explained below, the Court will deny the motion.

**BACKGROUND**

In December 17 2010, defendant Fortino Bastidas pleaded guilty to conspiring to distribute methamphetamine. In his plea agreement, Bastidas agreed to a money judgment of $250,000, for which he is jointly and severally liable. *See* Dkt. 225. On May 5, 2011, this Court sentenced Bastidas to 135 months in prison, to be followed by a five-year term of supervised release. *See* Dkt. 439. Before handing down this sentence, the Court entered a preliminary order of forfeiture. *See* Dkt. 405. This preliminary order became final at sentencing, *see* Fed. R. Crim. P. 32.2(4)(A), and the Court entered an

amended judgment specifically referencing the forfeiture order. *See May 5, 2011 Judgment,* Dkt. 475, at 6. In addition, the Court separately issued a Final Order of Forfeiture. *See May 11, 2011 Final Order of Forfeiture*, Dkt. 489.

## DISCUSSION

A forfeiture order is part of a defendant's criminal sentence. *See United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576 (9th Cir.1989). "District courts do not have inherent authority to resentence defendants at any time." *United States v. Hovsepian,* 307 F.3d 922, 927 (9th Cir. 2002) (*citing United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990)). As a general rule, Federal Rule of Criminal Procedure 35 is the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals. *Id.*

This case is not on remand from the Ninth Circuit and Rule 35 does not help Bastidas. It provides only that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Civ. P. 35(a). Bastidas does not point to any such error. As a result, the Court will deny his motion to the extent he is seeking to have the forfeiture order vacated.

Finally, it appears that Bastidas seeks clarification as to whether a forfeiture order may properly be imposed against an insolvent defendant. His letter states: "I am confused with an Order of Forfeiture . . . in the amount of $250,000. I do not have any property, savings, less cash to cover this fine. I will be deported to my native county of Mexico, upon the completion of my sentence." *Letter*, Dkt. 643, at 1.

The Ninth Circuit has held that money judgments under Federal Rule of Criminal

Procedure 32.2 are appropriate – even in cases of insolvent defendants. *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006). Effectively, such an order allows the government to seize the defendant's *future assets* to satisfy a forfeiture order. As one court explained:

> A money judgment permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant. Thus, even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, *the government may seize future assets to satisfy the order.*

*United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (as quoted in *Casey, 444 F.3d at 1074* (emphasis added by *Casey*)). Given these authorities, there is no need to clarify the forfeiture order. The Court will therefore deny this aspect of the letter motion as well.

## ORDER

**IT IS ORDERED that** Defendant Fortino Bastidas' letter motion (Dkt. 643) is **DENIED.**

DATED: April 30, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court